BOARD OF TRANSPORTATION v. LYCKAN DEVELOPMENT COMPANY

No. 8014SC897

(Filed 18 August 1981)

**Eminent Domain § 6.5— testimony of witness as to value—factors used in arriving at opinion—city's plan of development**

   An expert witness, testifying as to the value of the land condemned, may testify with regard to a plan for future development devised by a City Planning Department if that plan was used by him in arriving at his opinion.

APPEAL by defendant from *Battle, Judge.* Judgment entered 21 April 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 2 April 1981.

The plaintiff brought this action under Chapter 136 of the General Statutes to condemn the defendant's right of access to U.S. Highway 15-501 in Durham County. The only issue was the damage to defendant by losing the right to enter the highway from its property and to enter the property from the highway. After the taking, the access was by a road to the rear of the property. The defendant's evidence was to the effect that the highest and best use of the property prior to the taking was commercial and after the taking its highest and best use was for multi-family residences. The damage to defendant according to the defendant's witnesses was from $237,688.00 to $325,000.00.

The plaintiff's evidence was to the effect that the highest and best use of the property before and after the taking was for multi-family residences. The plaintiff's evidence was that the damage to the defendant was $11,000.00. The jury awarded the defendant $22,000.00 in damages.

Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General James B. Richmond, for plaintiff appellee.*

*Powe, Porter and Alphin, by Charles R. Holton, for defendant appellant.*

WEBB, Judge.

The appellant assigns error to the testimony of Thomas Hay, an expert witness for the plaintiff. In his testimony Mr. Hay

Board of Transportation v. Lyckan Development Co.

stated that he did not think there was a reasonable possibility that the subject property would be rezoned for commercial use. He testified that the Southwest Durham Plan of 1974 was devised by the City Planning Department for the future development of the area in which the subject property was located and the subject property was designated multi-family residential under the Plan. The appellant contends it was error to allow the witness to refer to the Southwest Durham Plan. It contends the Plan was not an ordinance but a recommendation by members of the City Planning Department and other citizens; that its effect was too remote and speculative to have any probative value; that the testimony was hearsay as to the Plan; and that if the testimony of the witness as to the Plan was admissible, an authenticated copy of the Plan should have been first put in evidence. An expert witness may testify as to the factors he used in arriving at an opinion although evidence as to those factors would not otherwise be admissible. *Highway Commission v. Conrad*, 263 N.C. 394, 139 S.E. 2d 553 (1965). One factor Mr. Hay used in reaching his opinion as to the highest and best use of the property was his information as to the existence of the Southwest Durham Plan, which affected the probability of rezoning the subject property. The fact that the Plan was not an ordinance would not exclude his testimony but would go to the weight given his testimony. It was a plan in existence and evidence of it was not too remote or speculative to be considered by the jury for what they thought it was worth. As to the appellant's argument that Mr. Hay's testimony as to the Southwest Durham Plan was hearsay, we believe it was offered by him to show the basis for his forming his opinion and not to prove the truth of the existence of the Plan. It was not hearsay. The Southwest Durham Plan was not in issue except as Mr. Hay referred to it as one factor in forming his opinion. It was not necessary to introduce an authenticated copy of the Plan into evidence.

Defendant contends the court erred in failing to strike an answer of an employee of the Planning Department regarding the probability of a zoning change to permit commercial use of defendant's property. Defendant contends the answer was non-responsive. We have reviewed this exception and find no prejudicial error.

Defendant lastly contends that the court erred in allowing the same witness to refer to the Plan as an ordinance in response to a question. Upon objection, the court instructed plaintiff's attorney to rephrase the question. He did, and we find no prejudicial error.

No error.

Judges HEDRICK and ARNOLD concur.